Learned, P. J.
The plaintiff sues for damages caused by his falling upon a sidewalk, covered with ice and snow. He was nonsuited on the ground of contributory negligence and appeals.
No point is made on the appeal that there was not negligence in defendant. We only need to consider whether the evidence was conclusive against him as to his contributory negligence.
It has often been said that contributory negligence generally presents a question for the jury. If there be any evidence from which a jury might find proper care, it is for them to pass on the question. And proper care may be said to be such care as an ordinarily prudent man would exercise in like circumstances. Hence, to judge what an ordinarily prudent man would do is generally a matter for the jury. It can seldom be laid down with safety, as a matter of law, that an ordinarily prudent man would not have done such and such acts.
The plaintiff is, of course, entitled, on this hearing, to the most favorable conclusion which can be drawn from the evidence.
He was_ going home soon after 3 p. m., March fifth, and was moving as carefully as he could, because he knew there was danger. Of course he was justified in walking along the sidewalk, although its slippery condition made it dangerous. There was a ridge in the middle of the sidewalk, and he was on the side of the ridge next the fence. It was more wet and glory on that side, and on the side next the street was snow. He thought if he could get over the ridge he would be safer. He had on a pair of moccasins. He felt with his foot until he got on the ridge, and the moment he raised on that his foot slipped and he fell. He had a small empty pail on his left arm, nothing else in his hands. He stepped on the ridge to get over it, because he thought it safer on the other side. There was hardly room to walk near the fence. He says he would have had to cross the ridge anyway before he got to the gate, even if he had not tried to cross it when he. did, for the ridge, he thinks, turned right in.
Thus, it appears, that the slippery ridge was on the sidewalk, and apparently running in the direction of the sidewalk, and finally, as plaintiff thinks, turning in towards the fence, so that he would be obliged to cross it.
Can it be said, as a matter of law, that if a foot passenger on a sidewalk crosses from one side of the walk to the other, influenced by the belief that the other side is less slippery, he commits an act of negligence, even though a ridge of ice intervene between the place where he is walking and that to which he would go % It seems to us not. *775 Hen are obliged to choose the place where they shall walk, and if they try to get to the safest and least slippery place, they are not to be blamed if in the attempt they step on a ridge of ice.
Let us reverse the case. Suppose the plaintiff had not attempted to cross and had slipped on the place where he had been walking. It might then been argued that he believed it to be safer on the other side of the ridge, and therefore was negligent in not crossing over the ridge to that safer place.
It seems to us that this really presented a question for the jury. Taking all the circumstances together—the ridge of ice, the turning of the ridge towards the fence, the apparently safer walking on the other side, the slippery condition of the ridge itself, the safer condition near the fence—taking all these into account, did the plaintiff act like a prudent man?
We think, therefore, that a nonsuit should not have been granted. There is little use to cite authorities. The principles are familiar. The question is, how do the facts of this case appear under those principles.
The judgment should be reversed and a new trial granted, costs to abide the event.
Landon, J., concurs._